Tueley, J.
delivered the opinion the court.
In this case Wm. Hudson was previous dealer of the firm of T. L. Pryor & Co., upon the principles established in the case of Hutchins vs. The Bank Tennessee, and of Hutchins vs. L. P. Sims, and as such was entitled to actual notice of its dissolution. The difference between the three cases is this; in that of Hutchins vs. The Bank, the bank had previous to the dissolution, been in the habit of discounting for the firm, notes and bills in the name of the firm, drawn by it, and endorsed by it; in the case of L. P. Sims, he had been previously in the habit of endorsing for the firm; and in the case now under consideration, Wm. Hudson had been in the habit, previously, of lending his note to the firm, which was negotiated for its benefit; and the note which forms the subject of this suit, though executed by Hudson after the dissolution, was in reality used to take up one executed by him before the dissolution for the use of the firm, and for which Hutchins was clearly liable.
Hudson had no actual notice of the dissolution, as was *427 found by the jury, upon a charge, as to the law of the case, by the circuit judge, in which there is no error, and we are satis■fied that the proof sustains the verdict.
But it is argued, that it is contrary to-sound commercial policy to permit one partner to borrow an accommodation note or bill, and to bind his co-partner for the payment thereof. It is very possible, that evil may result from permitting such a loose, and, as it seems to us, unmercantile mode of dealing, but it is not in our power to prevent it. We know of no principle of law to warrant us in so doing. One partner has the power to borrow money for the use of the firm; and we know of nothing.which will prevent his borrowing a note or a bill for the purpose of raising the money: provided, more than the legal interest be not paid thereon. We do not think, that one partner, without the consent of the other-would have the power to borrow notes or bills, to be sold at a ruinous discount, for the purpose of raising money; but in as much, as if the person lending the note had received the money on it and lent it to the firm, there would have been no objection to its legality; so it seems to us, the' reception of it by a member of the firm, to whom it was made payable, would be equally obligatory upon the firm, though executed without the knowledge of the co-partners, and»that an action for money had and received would well lie against the firm.
Let the judgment be affirmed.